IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Paul T. Bailey, Shirley J. Bailey;** )<br>**Unknown Owners and Non Record** )<br>**Claimants** )<br>    **Plaintiffs** )<br>                    )<br>            v.    ) **Case No.:**<br>                    )<br>**First Franklin Financial Corporation, and** )<br>                    )<br>**Garfield Mortgage Corp.** )<br>    **Defendants** ) | FILED: MAY 27, 2008<br>08CV3050         LI<br>JUDGE KENDALL<br>MAGISTRATE  JUDGE SCHENKIER |

# Complaint

Now Comes the Plaintiffs, Paul T. Bailey and Shirley J. Bailey, by and through their attorney, Carl B. Boyd, to file this Complaint against First Franklin Financial Corporation and Garfield Mortgage Corp. In Support of the same, the Plaintiffs state the following:

**INTRODUCTION**

1. In this Complaint the Baileys bring claims against Defendants based on their fraudulent conduct and misrepresentations in connection with the refinance of the Baileys' home. Defendants conspired and fraudulently induced the Baileys to refinance their subject property on June 27, 2007.

2. Defendants knew that the Baileys would not be able to make the mortgage payments as the Baileys did not have the income sufficient to afford the new monthly payments subsequent to the refinance.

3. Each of the Defendants profited from the refinance. The above described transaction which was disguised as a refinance was in fact equity stripping and a species of mortgage

1

rescue fraud, which Illinois statutes are designed to protect. The Baileys are in jeopardy of losing ownership of their home and have lost the equity they had accumulated in the property. This lawsuit is filed against Defendants for damages suffered by the Baileys due to the fraudulent actions of Defendants.

## JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce), and 1367 (supplementary jurisdiction) 42 U.S.C. §3613 AND §3717 (Fair Housing Act), 15 U.S.C. §1691e (Equal Credit Opportunity Act), and 15 U.S.C. §1679b (Credit Repair Organization Act).

## PARTIES

5. Paul T. Bailey and Shirley J. Bailey, are the Plaintiffs. They have resided in their home commonly known as 1658 West Waseca Place, Chicago, Illinois for more than 30 years.

6. Defendant Garfield Mortgage Corp, is an Illinois Mortgage Brokerage Company located at 350 West Ontario, 4th Floor in Chicago, Illinois 60610. (hereinafter, "Garfield Mortgage Corp.")

7. Defendant First Franklin Financial, Corp. was the end lender of Garfield Mortgage Corp., located at 1051 Perimeter Drive Suite 800, Schaumburg, Illinois 60173. (hereinafter, "First Franklin")

## FACTS COMMON TO ALL COUNTS

8. On or about June 2, 2007 (a Saturday), the Baileys were contacted by a woman named Denise Riley, who worked for Garfield Mortgaged Corporation.

2

9. Denise Riley called, unsolicited, and said she was in the area assisting homeowners in need of extra cash for home improvements.

10. Denise Riley, stopped by the Baileys residence, took a written mortgage application as an agent and employee of Garfield Mortgage Corporation.

11. The Loan Application is replete with inaccuracies and fraudulent statements. (See Plaintiffs' Exhibit "A")

    a. The Loan Application fraudulently overstates the Plaintiffs' income at $3,426.25. The Baileys total monthly income is $1,226.00. Mr. Paul Bailey receives only social security in the amount of $1,100.00 and VA benefit in the amount of $126.00.

    b. The Loan Application fraudulently states that Paul Bailey is employed at Morgan Park Pentecostal Church in the maintenance department. The truth is that Paul Bailey is retired.

    c. The Loan Application fraudulently overstated the appraised value of their real estate at $185,000.00. The estimated appraised value of their two bedroom, one bathroom frame home (on a concrete slab) is $125,000.00.

    d. The Loan Application fraudulently states that the Baileys were interviewed by a Kurt Zemla of Garfield Mortgage Corp. The truth is that the Baileys have never spoken with or met Mr. Zemla. Their only contact with Garfield Mortgage Corp. was through Denise Riley.

12. The Baileys refinanced the Property on June 22, 2007 and the actual funding date was June 27, 2007.

3

13. Garfield Mortgage Corp. charged the Baileys $895.00 for a processing fee, $799.00 for an administration fee, $350.00 for an appraisal fee, $7.68 for a credit report, and $3,060.00 for a loan origination fee. In total, Garfield Mortgage Corp. charged the Baileys $5,111.68 to broker the loan (See Exhibit "B – Settlement Statement lines 801-809).

14. Garfield Mortgage Corp. received a Yield Spread Premium from First Franklin in the amount of $1,530.00 (See Exhibit "B" -  Settlement Statement line 810).

15. In the mortgage lending industry, a yield spread premium ("YSP") is an incentive payment by a lender to a broker based on the extent to which a broker successfully induces the borrower to accept an interest rate on the loan that exceeds the lenders base or "par" interest rate. The par rate is the minimum rate at which the lender is willing to make the loan based on the applicants' qualifications.

16. For example, if the broker procures an interest rate on the loan that is .50% above "par", the lender will pay a YSP of, e.g., of 0.5% of the principal amount of the loan to the broker. The amount of the YSP corresponds to the amount of increase in rate.

17. The lender's YSP/interest rate formula(s) are found in the lender's rate sheets or similar forms sent to brokers or posted for them on a regular basis.

18. The lender's payment of a YSP and the broker's imposition of the higher interest rate – as well as the lender's and broker's decisions as to the amount of each  - are not based on the applicant's qualifications or level of credit risk, as determined by objective factors such as credit scores, debt-to-income ratio and loan-to-value ratio, etc.

19. First Franklin's payment and Garfield Mortgage Corp receipt of YSPs disproportionately adversely affects minority borrowers such as Plaintiffs. Defendants, on average, subjected Plaintiffs and other minority borrowers to more frequent and/or larger YSP's due to their race. This necessarily means that, on average, defendants assign higher interest rates to minorities, including Plaintiffs, than to whites, regardless of qualifications.

20. As alleged more fully below, Plaintiffs' higher interest rate was the direct discriminatory effect of defendants' discretionary pricing policy and practice of imposing larger and/or more frequent YSPs on minority borrowers' transactions.

21. This result was known and intended by Defendants. Loan pricing disparities and the role of YSPs have been the subject of industry studies and discussion. Defendants, who were on notice of these concerns, continued their lucrative practice anyway.

22. First Franklin, a centralized decision-maker in the mortgage lending market, designed and established the YSP incentive structure for its brokers and the formulas according to which it would pay YSPs in order to obtain corresponding increases in interest rates.

23. First Franklin pays YSPs so that it can originate loans with higher interest rates, which results in more profitable loans for it to hold or to sell on the secondary market.

24. First Franklin's system of paying YSP delegates significant authority and discretion over loan pricing to Garfield Mortgage Corp. and other brokers. Its system gives brokers incentives to engage in the subjective mark-up of credit applicants' interest rates, without regard to qualification or risk. The only constraint is what rate the applicant will accept.

25. First Franklin is well aware of its practice of paying YSPs influences the behavior of its mortgage brokers, including Garfield Mortgage Corp., Riley and Zemla in Plaintiffs' transaction.

26. In addition, First Franklin knows who its likely customers are, including where they live, their general credit profile and their race or ethnicity. First Franklin also knows who its brokers are, including the biographical communities in which they conduct marketing and broker loans as well as the racial ethnic composition of the pool of brokers' customers.

27. In addition to paying and receiving YSPs, First Franklin and Garfield Mortgage Corp. intentionally and disproportionately target minorities for higher cost loans, regardless of their qualifications.

28. As a result of Defendants' conduct, the Baileys were induced to sign loan documents providing for a loan that was unnecessarily expensive and which was made on less favorable terms than loans defendants brokered or made to Caucasians.

29. The total fees received by Garfield Mortgage Corp. from First Franklin and the Baileys was $6,641.68.

## CLAIMS FOR RELIEF

### Count 1: Illinois Consumer Fraud and Deceptive Business Practices Act

30. The Baileys realleges and incorporates by this reference paragraphs 1-29 above.

31. The Defendants conduct in fraudulently inducing the Baileys to refinance their Property constituted an unfair or deceptive act or practice within the meaning of the Illinois Consumer

Fraud and Deceptive Business Practices Act, 815 ILCS 505/1.

32. The Defendants intended that the Baileys rely on their unfair or deceptive acts or practices when they fraudulently induced the Baileys to refinance their home.

33. The Defendants intentionally failed to disclose to the Baileys that the Baileys would not in fact be able to afford and pay for their new mortgage to any third party loan servicer.

34. The deceptive acts of the Defendants as stated above occurred during a course of conduct that involved trade or commerce.

35. As a result of the Defendants' fraudulent acts, the Baileys might lose their right to inhabit the home they have lived in for more than 30 years.

36. The unfair and deceptive acts or practices of the Defendants directly and proximately caused the Baileys damages.

37. The unfair and deceptive acts of practices of the Defendants stated above offend the public policy of the State of Illinois. The unfair and deceptive acts or practices of the Defendants as stated above are immoral, unethical, oppressive, and unscrupulous and cause substantial injury to consumers in Illinois. Illinois has a clear public policy against the type of conduct by the Defendants in conspiring to strip the equity from the Baileys' Property. This public policy is expressed in the Illinois Fairness in Lending Act, 815 ILCS 120.

38. The Baileys reserve the right to bring claims under the Illinois Fairness Lending Act because the Defendants are believed to be a Financial Institution as defined in 815 ILCS 120/2.

39. The Baileys relied on the assurance of the Defendants that they would be able to pay the mortgage on the Property.

40. Had the Defendants disclosed to the Baileys that they would not be able to afford and pay the

mortgage on the Property, the Baileys would not have refinanced the Property.

41. As a direct and proximate result of the above violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, the Defendants are liable to the Baileys in the sum of the Baileys actual economic damages in addition to reasonable attorney's fees and costs.

### Count II: Breach of Fiduciary Duty

42. The Baileys realleges and incorporates by this reference paragraphs 1-29 as though fully set forth.

43. The Defendants Garfield Mortgage Corp., owed a fiduciary duty to the Baileys. The Defendants, Garfield Mortgage acted as the Baileys' agent in advising the Baileys to enter into the refinance transaction. The Baileys entrusted their business affairs to Garfield Mortgage Corp., Inc. and placed trust and confidence in Denise Riley and Garfield Mortgage Corp. such that Garfield Mortgage Corp. such that Garfield Mortgage and Denise Riley exercised superiority and influence over the Baileys. These special circumstances created a fiduciary relationship because of the disparity in business experience and knowledge of the true nature of the real estate transaction.

43. The Defendants Garfield Mortgage Corp. and Denise Riley breached their fiduciary duty to the Baileys.

44. The breach of fiduciary duty by Garfield Mortgage Corp. and Denise Riley proximately caused damages to the Baileys.

### Count III: Common Law Fraud (Garfield Mortgage Corp.)

45. The Baileys realleges and incorporates by this reference paragraphs 1-29 above.

46. The Defendant, Garfield Mortgage Corp., made false statements of material fact to the

8

Plaintiffs in that they told the Baileys that they would be able to afford and pay the mortgage on the Property subsequent to the refinance.

47. The Defendant, Garfield Mortgage Corp, made misrepresentations of material fact by fraudulently inflating Paul Bailey's income knowing that he would not be able to afford and pay the mortgage subsequent to the refinance.

48. The Defendant, knew that the statements contained in the loan application were false (See Exhibit "A") and that they knew that the Baileys could not afford and pay for the mortgage subsequent to the refinance.

49. The Defendant intended that the statements and material omissions would induce the Baileys to refinance the property.

49. The Baileys in fact relied on the misrepresentations and material omissions made by the Defendant.

50. The misrepresentations and omissions of the Defendant to the Baileys were material in that the Baileys would have acted differently had they been aware of the financial repercussions of the refinance.

51. As a direct and proximately result of the fraudulent conduct of the Defendant, the Baileys suffered substantial economic damages in that the Baileys may lose equity in their Property, may lose ownership of the Property, and that they are forced to incur increased mortgage payments.

**Count IV:  Fair Housing Act**

52. The Baileys realleges and incorporates by this reference paragraphs 1-29 as though fully set forth.

53. This claim is against both Defendants, First Franklin and Garfield Mortgage Corp.

54. Both Defendants, First Franklin and Garfield Mortgage Corp. violated the Fair Housing Act, 43 U.S.C. §3605, and §3613 by paying and receiving, respectively, higher yield premiums with respect to loans made to minority borrowers, which necessarily impacts the rates charged to such borrowers.

### Count V:  Equal Credit Opportunity Act

55. The Baileys realleges and incorporates by this reference paragraphs 1-29 as though fully set forth.

56. This claim is against both Defendants, First Franklin and Garfield Mortgage Corp.

57. Both Defendants, First Franklin and Garfield Mortgage Corp. violated the Equal Credit Opportunity Act, 15 U.S.C. §1691 by paying and receiving, respectively, higher yield premiums with respect to loans made to minority borrowers, which necessarily impacts the rates charged to such borrowers.

### Count VI:  Civil Conspiracy to Commit Fraud

58. The Baileys realleges and incorporates by this reference paragraphs 1-29 as though fully set forth.

59. This claim is against both Defendants, First Franklin and Garfield Mortgage Corp.

60. The Defendants combined and conspired with the appraiser to unlawfully arrange for a fraudulent, appraised value for the Baileys property.

61. The Defendants took concerted and overt actions to in furtherance of this fraudulent purpose.  Garfield Mortgage Corp. agreed upon a value in advance, while First Franklin

overlooked the fact that the probable actual value of the property did not support a value of $185,000.00.

62. The Defendants conspired – out of excessive concern for their own fees, commissions and profits – to misrepresent, conceal, overlook and suppress the actual market value of the property being refinanced by the Baileys.

63. The Baileys were damaged as a result.

## Count VII: Credit Repair Organizations Act

64. The Baileys realleges and incorporates by this reference paragraphs 1-29 as though fully set forth.

65. This claim is against both Defendants, First Franklin and Garfield Mortgage Corp.

66. The Defendants violated the CROA 15 U.S.C. §1679b by overstating Paul Bailey's income and assets on the loan application.

**WHEREFORE,** Plaintiffs, Paul T. Bailey and Shirley J. Bailey, prays for the entry of a judgment against Defendants for actual damages in an amount in excess of $50,000, in addition to twice the amount of pecuniary loss, reasonable attorney's fees and costs, and for such other and further relief as is just and proper.

Respectfully Submitted,

/S/ Carl B. Boyd

Carl B. Boyd # 6206607
Attorney for the Plaintiffs

Starks and Boyd, P.C.
11528 S. Halsted
Chicago, IL 60628
Ph#(773) 995-7900

FROM GARFIELD MORTGAGE (THU)JUN 21 2007 11:04/ST. 11:03/No. 6680314892 P. 3

# Uniform Residential Loan Application

This application is designed to be completed by the applicant(s) with the Lender's assistance. Applicants should complete this form as "Borrower" or "Co-Borrower", as applicable. Co-Borrower information must also be provided (and the appropriate box checked) when ☐ the income or assets of a person other than the "Borrower" (including the Borrower's spouse) will be used as a basis for loan qualification or ☐ the income or assets of the Borrower's spouse or other person who has community property rights pursuant to state law will not be used as a basis for loan qualification, but his or her liabilities must be considered because the spouse or other person has community property rights pursuant to applicable law and Borrower resides in a community property state, the security property is located in a community property state, or the Borrower is relying on other property located in a community property state as a basis for repayment of the loan.

If this is an application for joint credit, Borrower and Co-Borrower each agree that we intend to apply for joint credit (sign below):

Borrower _____ Co-Borrower _____

| Mortgage Applied for: | ☐ VA ☐ FHA | ☑ Conventional ☐ USDA/Rural Housing Service | ☐ Other (explain): | Agency Case Number | Lender Case Number Unassigned |
|---|---|---|---|---|---|
| Amount $ 153,000 | Interest Rate 9.190 % | No. of Months 360/360 | Amortization Type: | ☐ Fixed Rate ☐ GPM | ☐ Other (explain): ☑ ARM (type): 2/28 |

Subject Property Address (street, city, state, & ZIP): **1658 W Waseca Place, Chicago, IL 60643** County: **Cook** — No. of Units: **1**
Legal Description of Subject Property (attach description if necessary): **See Title** — Year Built:

Purpose of Loan: ☐ Purchase ☐ Construction ☐ Other (explain): ☑ Refinance ☐ Construction-Permanent
Property will be: ☑ Primary Residence ☐ Secondary Residence ☐ Investment

Complete this line if construction or construction-permanent loan.
| Year Lot Acquired | Original Cost $ | Amount Existing Liens $ | (a) Present Value of Lot $ | (b) Cost of Improvements $ | Total (a+b) $ |

Complete this line if this is a refinance loan.
| Year Acquired | Original Cost | Amount Existing Liens | Purpose of Refinance | Describe improvements ☐ made ☐ to be made |
|---|---|---|---|---|
| 1998 | $ 50,000 | $ 130,707 | Cash-Out/Other | Cost $ |

Title will be held in what Name(s): **Shirley Bailey, Paul T Bailey**
Manner in which Title will be held: **Joint tenants**
Estate will be held in: ☑ Fee Simple ☐ Leasehold (show expiration date)

Source of Down Payment, Settlement Charges and/or Subordinate Financing (explain):

Borrower's Name (include Jr. or Sr. if applicable): **Paul Bailey**
Co-Borrower's Name (include Jr. or Sr. if applicable):

| Social Security Number 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 | Home Phone (incl. area code) 773-445-2751 | DOB (mm/dd/yyyy) 02/15/1926 | Yrs. School 12 | Social Security Number | Home Phone (incl. area code) | DOB (mm/dd/yyyy) | Yrs. School |

☑ Married ☐ Unmarried (include single, divorced, widowed) ☐ Separated | Dependents (not listed by Co-Borrower) no. 0 ages | ☑ Married ☐ Unmarried ☐ Separated | Dependents no. ages

Present Address (street, city, state, ZIP) ☑ Own ☐ Rent __39__ No. Yrs.
**1658 W Waseca Place, Chicago, IL 60643**

Present Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs.

Mailing Address, if different from Present Address:
Mailing Address, if different from Present Address:

If residing at present address for less than two years, complete the following:
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs.
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs.

Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs.
Former Address (street, city, state, ZIP) ☐ Own ☐ Rent ___ No. Yrs.

Fannie Mae Form 1003 07/05
CALYX Form Loanapp1.frm 09/05
Page 1 of 5
Borrower _____
Co-Borrower _____
Freddie Mac Form 65 07/05

EXHIBIT **A**

Final

FROM GARFIELD MORTGAGE                    (THU) JUN 21 2007 11:04/ST. 11:03/No. 6660314892 P 4

| Name & Address of Employer | ☐ Self Employed | Yrs. on this job | Name & Address of Employer | ☐ Self Employed | Yrs. on this job |
|---|---|---|---|---|---|
| Morgan Park Pentecostal<br>1657 West Monterey Ave<br>Chicago, IL 60643 | | 20 yr(s) 0 mth(s)<br>Yrs. employed in this line of work/profession<br>20 | | | Yrs. employed in this line of work/profession |
| Position/Title/Type of Business<br>Maintenance  (Rev. R) | | Business Phone (incl. area code)<br>773-239-8983 | Position/Title/Type of Business | | Business Phone (incl. area code) |

*If employed in current position for less than two years or if currently employed in more than one position, complete the following:*

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Name & Address of Employer | ☐ Self Employed | Dates (from-to) | Name & Address of Employer | ☐ Self Employed | Dates (from-to) |
|---|---|---|---|---|---|
| | | Monthly Income $ | | | Monthly Income $ |
| Position/Title/Type of Business | | Business Phone (incl. area code) | Position/Title/Type of Business | | Business Phone (incl. area code) |

| Gross Monthly Income | Borrower | Co-Borrower | Total | Combined Monthly Housing Expense | Present | Proposed |
|---|---|---|---|---|---|---|
| Base Empl. Income* | $ 1,895.00 | $ | $ 1,895.00 | Rent | $ | |
| Overtime | | | | First Mortgage (P&I) | 951.00 | $ 1,242.10 |
| Bonuses | | | | Other Financing (P&I) | | |
| Commissions | | | | Hazard Insurance | 100.00 | 100.02 |
| Dividends/Interest | | | | Real Estate Taxes | 30.03 | 30.03 |
| Net Rental Income | | | | Mortgage Insurance | | |
| Other (before completing, see the notice in "describe other income," below) | 1,531.25 | | 1,531.25 | Homeowner Assn. Dues | | |
| | | | | Other: | | |
| Total | $ 3,426.25 | $ | $ 3,426.25 | Total | $ 1,111.03 | $ 1,380.15 |

* Self Employed Borrower(s) may be required to provide additional documentation such as tax returns and financial statements.

Describe Other Income    Notice: Alimony, child support, or separate maintenance income need not be revealed if the Borrower (B) or Co-Borrower (C) does not choose to have it considered for repaying this loan.

| B/C | | Monthly Amount |
|---|---|---|
| | | $ |
| | | |
| | | |

Fannie Mae Form 1003  07/05
CALYX Form Loanapp2.frm 09/05

Page 2 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65  07/05

**Final**

FROM GARFIELD MORTGAGE      (THU) JUN 21 2007 11:04/ST. 11:03/No. 6660314892 P 5

This Statement and any applicable supporting schedules may be completed jointly by both married and unmarried Co-borrowers if their assets and liabilities are sufficiently joined so that the Statement can be meaningfully and fairly presented on a combined basis; otherwise, separate Statements and Schedules are required. If the Co-Borrower section was completed about a non-applicant spouse or other person, this Statement and supporting schedules must be completed by that spouse or other person also.

Completed ☐ Jointly ☑ Not Jointly

| Description ASSETS | Cash or Market Value | Liabilities and Pledged Assets. List the creditor's name, address and account number for all outstanding debts, including automobile loans, revolving charge accounts, real estate loans, alimony, child support, stock pledges, etc. Use continuation sheet, if necessary. Indicate by (*) those liabilities which will be satisfied upon sale of real estate owned or upon refinancing of the subject property. | | |
|---|---|---|---|---|
| Cash deposit toward purchase held by: | $ | | | |
| | | **LIABILITIES** | **Monthly Payment & Months Left to Pay** | **Unpaid Balance** |
| List checking and savings accounts below | | Name and address of Company | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union Park National Bank | | HSBC/MB PO BOX 2393 BRANDON, FL 33509 | | |
| | | Acct. no. 15471311 | * (991) | 136,005 |
| Acct. no. 3003916321 | $ 2,000 | Name and address of Company CITIFINANCIAL P.O. BOX 499 HANOVER, MD 21076 | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 6071306517323428 | 366 | 18,057 |
| Acct. no. | $ | Name and address of Company PEOPLES ENGY | $ Payment/Months | $ |
| Name and address of Bank, S&L, or Credit Union | | | | |
| | | Acct. no. 9500916932296 | 0 | 19 |
| Acct. no. | $ | Name and address of Company | $ Payment/Months | $ |
| Stocks & Bonds (Company name/number description) | $ | | | |
| | | Acct. no. | | |
| | | Name and address of Company | $ Payment/Months | $ |
| Life Insurance net cash value Face amount: $ | $ | | | |
| Subtotal Liquid Assets | $ 2,000 | Acct. no. | | |
| Real estate owned (enter market value from schedule of real estate owned) | $ 185,000 | Name and address of Company | $ Payment/Months | $ |
| Vested interest in retirement fund | $ | | | |
| Net worth of business(es) owned (attach financial statement) | $ | Acct. no. | | |
| Automobiles owned (make and year) | $ | Alimony/Child Support/Separate Maintenance Payments Owed to: | $ | |
| Other Assets (itemize) | $ | Job-Related Expense (child care, union dues, etc.) | $ | |
| | | Total Monthly Payments | $ 206 | |
| **Total Assets a.** | $ 187,000 | | $ 32,019 | **Total Liabilities b.** $ 154,981 |

Schedule of Real Estate Owned (If additional properties are owned, use continuation sheet)

| Property Address (enter S if sold, PS if pending sale or R if rental being held for income) | Type of Property | Present Market Value | Amount of Mortgages & Liens | Gross Rental Income | Mortgage Payments | Insurance, Maintenance, Taxes & Misc. | Net Rental Income |
|---|---|---|---|---|---|---|---|
| 1858 W Waseca Place Chicago, IL 60643 | SFR | $ 185,000 | $ 130,707 | $ | $ | $ 991 | $ |
| | | | | | | | |
| | | | | | | | |
| Totals | | $ 185,000 | $ 130,707 | $ | $ | $ 991 | $ |

List any additional names under which credit has previously been received and indicate appropriate creditor name(s) and account number(s):
Alternate Name     Creditor Name     Account Number

Fannie Mae Form 1003   07/05
CALYX Form Loanapp3.frm 09/05

Page 3 of 5

Borrower _____
Co-Borrower _____

Freddie Mac Form 65   07/05

Final

FROM GARFIELD MORTGAGE                                (THU) JUN 21, 2007 11:04/ST. 11:03/No. 6660314892 P 6

| | | | Borrower | Co-Borrower |
|---|---|---|---|---|
| a. Purchase price | $ | If you answer "Yes" to any questions a through i, please use continuation sheet for explanation. | Yes  No | Yes  No |
| b. Alterations, improvements, repairs | | a. Are there any outstanding judgments against you? | ☐ ☑ | ☐ ☐ |
| c. Land (if acquired separately) | | b. Have you been declared bankrupt within the past 7 years? | ☐ ☑ | ☐ ☐ |
| d. Refinance (incl. debts to be paid off) | 136,906.00 | c. Have you had property foreclosed upon or given title or deed in lieu thereof in the last 7 years? | ☐ ☑ | ☐ ☐ |
| e. Estimated prepaid items | 2,656.49 | | | |
| f. Estimated closing costs | 6,381.68 | d. Are you a party to a lawsuit? | ☐ ☑ | ☐ ☐ |
| g. PMI, MIP, Funding Fee | | e. Have you directly or indirectly been obligated on any loan which resulted in foreclosure, transfer of title in lieu of foreclosure, or judgment? | ☐ ☑ | ☐ ☐ |
| h. Discount (if Borrower will pay) | | | | |
| i. Total costs (add items a through h) | 145,943.17 | (This would include such loans as home mortgage loans, SBA loans, home improvement loans, educational loans, manufactured (mobile) home loans, any mortgage, financial obligation, bond, or loan guarantee. If "Yes," provide details, including date, name and address of Lender, FHA or VA case number, if any, and reasons for the action.) | | |
| j. Subordinate financing | | | | |
| k. Borrower's closing costs paid by Seller | | | | |
| l. Other Credits (explain) | | f. Are you presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee? If "Yes," give details as described in the preceding question. | ☐ ☑ | ☐ ☐ |
| | | g. Are you obligated to pay alimony, child support, or separate maintenance? | ☐ ☑ | ☐ ☐ |
| | | h. Is any part of the down payment borrowed? | ☐ ☑ | ☐ ☐ |
| | | i. Are you a co-maker or endorser on a note? | ☐ ☑ | ☐ ☐ |
| | | j. Are you a U.S. citizen? | ☑ ☐ | ☐ ☐ |
| m. Loan amount (exclude PMI, MIP, Funding Fee financed) | 153,000.00 | k. Are you a permanent resident alien? | ☐ ☑ | ☐ ☐ |
| | | l. Do you intend to occupy the property as your primary residence? If "Yes," complete question m below. | ☑ ☐ | ☐ ☐ |
| n. PMI, MIP, Funding Fee financed | | m. Have you had an ownership interest in a property in the last three years? | ☑ ☐ | ☐ ☐ |
| o. Loan amount (add m & n) | 153,000.00 | (1) What type of property did you own-principal residence (PR), second home (SH), or investment property (IP)? | PR | |
| p. Cash from/to Borrower (subtract j, k, l & o from i) | -7,056.83 | (2) How did you hold title to the home-solely by yourself (S), jointly with your spouse (SP), or jointly with another person (O)? | SP | |

Each of the undersigned specifically represents to Lender and to Lender's actual or potential agents, brokers, processors, attorneys, insurers, servicers, successors and assigns and agrees and acknowledges that: (1) the information provided in this application is true and correct as of the date set forth opposite my signature and that any intentional or negligent misrepresentation of this information contained in this application may result in civil liability, including monetary damages, to any person who may suffer any loss due to reliance upon any misrepresentation that I have made on this application, and/or in criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Sec. 1001, et seq.; (2) the loan requested pursuant to this application (the "Loan") will be secured by a mortgage or deed of trust on the property described in this application; (3) the property will not be used for any illegal or prohibited purpose or use; (4) all statements made in this application are made for the purpose of obtaining a residential mortgage loan; (5) the property will be occupied as indicated in this application; (6) the Lender, its servicers, successors or assigns may retain the original and/or an electronic record of this application, whether or not the Loan is approved; (7) the Lender and its agents, brokers, insurers, servicers, successors and assigns may continuously rely on the information contained in the application, and I am obligated to amend and/or supplement the information provided in this application if any of the material facts that I have represented herein should change prior to closing of the Loan; (8) in the event that my payments on the Loan become delinquent, the Lender, its servicers, successors or assigns may, in addition to any other rights and remedies that it may have relating to such delinquency, report my name and account information to one or more consumer reporting agencies; (9) ownership of the Loan and/or administration of the Loan account may be transferred with such notice as may be required by law; (10) neither Lender nor its agents, brokers, insurers, servicers, successors or assigns has made any representation or warranty, express or implied, to me regarding the property or the condition or value of the property; and (11) my transmission of this application as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or my facsimile transmission of this application containing a facsimile of my signature, shall be as effective, enforceable and valid as if a paper version of this application were delivered containing my original written signature.

Acknowledgement. Each of the undersigned hereby acknowledges that any owner of the Loan, its servicers, successors and assigns, may verify or reverify any information contained in this application or obtain any information or data relating to the Loan, for any legitimate purpose through any source, including a source named in this application or a consumer reporting agency.

| Borrower's Signature | Date | Co-Borrower's Signature | Date |
|---|---|---|---|
| X | | X | |

The following information is requested by the Federal Government for certain types of loans related to a dwelling in order to monitor the lender's compliance with equal credit opportunity, fair housing and home mortgage disclosure laws. You are not required to furnish this information, but are encouraged to do so. The law provides that a Lender may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, under Federal regulations, this lender is required to note the information on the basis of visual observation and surname if you have made this application in person. If you do not wish to furnish the information, please check the box below. (Lender must review the above material to assure that the disclosures satisfy all requirements to which the lender is subject under applicable state law for the particular type of loan applied for.)

| BORROWER | ☐ I do not wish to furnish this information | | CO-BORROWER | ☐ I do not wish to furnish this information | |
|---|---|---|---|---|---|
| Ethnicity: | ☐ Hispanic or Latino | ☑ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino | ☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native | ☐ Asian | Race: | ☐ American Indian or Alaska Native | ☐ Asian |
| | ☑ Black or African American | | | ☐ Black or African American | |
| | ☐ Native Hawaiian or Other Pacific Islander | ☐ White | | ☐ Native Hawaiian or Other Pacific Islander | ☐ White |
| Sex: | ☐ Female | ☑ Male | Sex: | ☐ Female | ☐ Male |

| To be Completed by Interviewer | Interviewer's Name (print or type) | | Name and Address of Interviewer's Employer |
|---|---|---|---|
| This application was taken by: | Kurt Zemly | | Garfield Mortgage Corp. |
| ☐ Face-to-face interview | Interviewer's Signature | Date | 430 W. Erie |
| ☐ Mail | | | Chicago, IL 60610 |
| ☑ Telephone | Interviewer's Phone Number (incl. area code) | | (P) 312-254-1300 |
| ☐ Internet | 312-254-1300 | | (F) 312-254-1322 |

Fannie Mae Form 1003  07/05  
CALYX Form Loanapp4.frm 09/05

Page 4 of 5

Freddie Mac Form 65  07/05

Final

| A. SETTLEMENT STATEMENT | U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | | OMB No. 2502-0265 |
|---|---|---|---|
| B. TYPE OF LOAN | | | |
| 1. ☐ FHA  2. ☐ FmHA  3. ☒ CONV.UNINS.  4. ☐ VA  5. ☐ CONV.INS. | 6. File Number: 1559193 | 7. Loan Number: 4001490293 | 8. Mortgage Insurance Case Number: |
| C. NOTE: | This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals. | | |

| D. NAME AND ADDRESS OF BORROWER: PAUL T. BAILEY SHIRLEY J. BAILEY 1658 WEST WASECA PLACE CHICAGO, IL 60643 | E. NAME AND ADDRESS OF SELLER/TAX I.D.: REFINANCE | F. NAME AND ADDRESS OF LENDER: FIRST FRANKLIN FINANCIAL, CORP 1051 PERIMETER DRIVE SUITE 800 SCHAUMBURG, IL 60173 |
|---|---|---|
| G. PROPERTY LOCATION: 1658 WEST WASECA PLACE CHICAGO, IL 60643 | H. SETTLEMENT AGENT: LAWYERS TITLE INSURANCE COMPANY PLACE OF SETTLEMENT: 1245 E. DIEHL RD., #101 NAPERVILLE, IL 60563 | I. SETTLEMENT DATE: 06/22/07 DISBURSEMENT DATE: 06/27/07 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER: | | 400. GROSS AMOUNT DUE TO SELLER: | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 8,590.26 | 403. | |
| 104. PAYOFF: HSBC MORTGAGE | 137,279.52 | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes       to | | 406. City/town taxes       to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments           to | | 408. Assessments           to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 145,869.78 | 420. GROSS AMOUNT DUE TO SELLER | |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER: | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER: | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 153,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments           to | | 512. Assessments           to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 153,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | |
| 300. CASH AT SETTLEMENT FROM/TO BORROWER | | 600. CASH AT SETTLEMENT TO/FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 145,869.78 | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | 153,000.00 | 602. Less reductions in amount due seller (line 520) | |
| 303. CASH (☐ FROM) (☒ TO) BORROWER | 7,130.22 | 603. CASH (☐ TO) (☐ FROM) SELLER | |

EXHIBIT B

Page 1 of 3

-2-

| L. SETTLEMENT CHARGES | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $ @ %= | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. $ to | | | |
| 702. $ to | | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | |
| 801. Loan Origination Fee  2.000 %  GARFIELD MORTGAGE | | 3,060.00 | |
| 802. Loan Discount  % | | | |
| 803. Appraisal Fee to  GARFIELD MORTGAGE  $350.00 POC | | | |
| 804. Credit Report to  GARFIELD MORTGAGE | | 7.68 | |
| 805. ADMINISTRATION FEE  FIRST FRANKLIN | | 799.00 | |
| 806. FLOOD CERT FEE  FIS FLOOD SERVICES | | 9.00 | |
| 807. TAX SERVICE FEE  FIRST FRANKLIN | | 72.00 | |
| 808. COMPLIANCE REVIEW  FIRST FRANKLIN | | 15.50 | |
| 809. PROCESSING FEE  GARFIELD MORTGAGE | | 895.00 | |
| 810. BROKER FEE PAID BY  LENDER $1530.00 POCL | | | |
| 811. REVIEW APPRAISAL FEE  FIRST FRANKLIN | | 200.00 | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 816. | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | |
| 901. Interest from  06/27/07 to 07/01/07  @$ 38.675000  /day | | 154.70 | |
| 902. Mortgage Insurance Premium for  months to | | | |
| 903. Hazard Insurance Premium for  1 years to ALLSTATE INSURANCE | | 1,296.18 | |
| 904. Flood Insurance Premium for  years to | | | |
| 905. | | | |
| 1000. RESERVES DEPOSITED WITH LENDER | | | |
| 1001. Hazard Insurance  5  months @$  108.02 per month | | 540.10 | |
| 1002. Mortgage Insurance  months @$  per month | | | |
| 1003. City property taxes  months @$  per month | | | |
| 1004. County property taxes  6  months @$  54.62 per month | | 327.72 | |
| 1005. Annual assessments  months @$  per month | | | |
| 1006. Flood insurance  months @$  per month | | | |
| 1007.  months @$  per month | | | |
| 1008. Aggregate Adjustment | | -54.62 | |
| 1100. TITLE CHARGES | | | |
| 1101. Settlement or closing fee  to LAWYERS TITLE | | 150.00 | |
| 1102. Abstract or title search  to | | | |
| 1103. Title examination  to | | | |
| 1104. Title insurance binder  to | | | |
| 1105. Document preparation  to | | | |
| 1106. Notary fees  to | | | |
| 1107. Attorney's fees  to | | | |
| (includes above items numbers: ) | | | |
| 1108. Title insurance  to LTIC/INFINITI TITLE | | 750.00 | |
| (includes above items numbers: 1102, 1103, 1104 ) | | | |
| 1109. Lender's coverage  $ 153,000.00 750.00 | | | |
| 1110. Owner's coverage  $ | | | |
| 1111. EPA COMP ARM LOC  INFINITI TITLE | | 200.00 | |
| 1112. LNDR PKG/LN PAYOFF  LAWYERS TITLE | | 30.00 | |
| 1113. ELECTRONIC DELIV-DOC  LAWYERS TITLE | | 25.00 | |
| 1114. IL POLICY FEE  LAWYERS TITLE | | 3.00 | |
| 1115. | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | |
| 1201. Recording fees: Deed $  ;Mortgage $  72.00  ;Releases $ | | 72.00 | |
| 1202. City/county tax stamps: Deed $  ;Mortgage $ | | | |
| 1203. State tax/stamps:  Deed $  ;Mortgage $ | | 38.00 | |
| 1204. Record Cert of Rel | | | |
| 1205. | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | |
| 1301. Survey to | | | |
| 1302. Pest inspection to | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| 1308. | | | |
| 1309. | | | |
| 1310. | | | |
| 1311. | | | |
| 1400. TOTAL SETTLEMENT CHARGES(enter on lines 103,Sect J and 502,Sect K) | | 8,590.26 | |

Case Number: 1559193

Signature Page to HUD-1 Settlement Statement

We have reviewed the HUD-1 Settlement Statement which consists of three pages and to the best of our knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on our account, or by us, in this transaction. We understand the figures contained herein were based on the best information available to the Settlement Agent, and agree to make the appropriate adjustments after settlement if adjustments are necessary.

_Paul T. Bailey_
PAUL T. BAILEY                                    REFINANCE

_Shirley J. Bailey_
SHIRLEY J. BAILEY

The Settlement Statement prepared by the Settlement Agent is, to the best of its knowledge and belief, a true and accurate account of this transaction. The Settlement Agent has caused or will cause the funds to be disbursed in accordance with this Statement.

LAWYERS TITLE INSURANCE CORPORATION
Settlement Agent

By: _[signature]_

Warning: It is a crime to knowingly make false statements to the United States on this or any similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

HUD-1 (8-87)
RESPA, HB 4305.2
Previous edition is obsolete.

-3-