IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Paul T. Bailey, Shirley J. Bailey, Unknown Owners and Non Record Claimants, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 CV 3050 |
| v. | ) ) | Judge Virginia Kendall |
| First Franklin Financial Corporation, and Garfield Mortgage Corp., | ) ) ) | Magistrate Judge Sidney Schenkier |
| Defendants. | ) ) | |

**DEFENDANT FIRST FRANKLIN FINANCIAL CORP.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

**I.     Introduction**

Paul and Shirley Bailey ("Plaintiffs") allege that they received an unsolicited call from mortgage broker defendant Garfield Mortgage Corp. ("Garfield"), who helped Plaintiffs fill out a loan application "replete with inaccuracies and fraudulent statements" (Compl. ¶ 11) – including overstating Plaintiffs' income; claiming employment although one of the Plaintiffs was retired; and overstating the appraised value of their home.  Based on these allegations, Plaintiffs bring their Complaint not only against Garfield, but also against the lender, defendant First Franklin Financial Corporation ("FFFC").

Plaintiffs claim that FFFC discriminated against them in violation of federal and state law related to a home refinance loan.  The barebones and conclusory Complaint against FFFC, however, fails to meet the general pleading requirements supplied by the Federal Rules of Civil Procedure ("FRCP"), as interpreted by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In addition, Plaintiffs' claims against FFFC under the Illinois Consumer Fraud and Deceptive Business Act and Civil Conspiracy to Commit Fraud fail to satisfy the heightened pleading requirements of FRCP 9(b) and must be dismissed.  Finally, Plaintiffs' conclusory

allegations pursuant to the Credit Repair Organizations Act are unsupported by any facts alleged in the Complaint, and contrary to applicable caselaw.  Simply put, Plaintiffs have failed to state any cause of action against FFFC, and FFFC should be dismissed from this action accordingly.

## II.     Factual Allegations

According to the facts alleged in the Complaint, Plaintiffs were contacted by Garfield employee Denise Riley, unsolicited, who met with Plaintiffs and helped them complete a mortgage loan application aimed to refinance an existing mortgage to allow Plaintiffs to complete improvements on their home.  (Compl ¶¶ 8-10.)  Plaintiffs allege that their mortgage loan application was "replete with inaccuracies and fraudulent statements."  (Compl. ¶ 11.  Plaintiffs have not complained about the terms of the mortgage loan itself, such as the interest rate or the length of the mortgage.   Nor do Plaintiffs allege that FFFC made any misrepresentations to them or that FFFC had any communications with them at all.  Plaintiffs do, however, allege that FFFC paid Garfield a yield spread premium pursuant to custom in the mortgage industry, (Compl ¶¶ 14-15), and conclude that FFFC's payment of a yield spread premium to Garfield harms "minority borrowers such as Plaintiffs."  (Compl ¶ 19.)  Plaintiffs allege no facts to support their claim that any other minority borrowers were harmed by FFFC's alleged conduct.

## III.    Argument

### A.     FRCP 12(b)(6) Requires A Dismissal of the Claims Against FFFC

A court must dismiss any action where the plaintiff fails to state a claim for relief.  Fed. R. Civ. P. 12(b)(6).  A viable complaint must include "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1974 (2007).  To be clear, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  In addition, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating that on a motion to dismiss, courts are not bound to accept legal conclusions as truth even when couched as a factual allegation). Thus, while a court must assume that well-pleaded factual allegations are true, the court should not strain to find favorable inferences unless they are apparent on the face of the complaint. *Coates v. Illinois St. Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1997); *cf Twombly*, 127 S. Ct. at 1974 (stating that where a plaintiff "has not nudged [her] claims across the line from conceivable to plausible, [her] Complaint must be dismissed."). Further, any legal conclusion and unsupported factual conclusion should be disregarded. *Young v. Murphy*, 90 F3d 1225, 1233 (7th Cir. 1996); *Nelson v. Monreo Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir. 1991). Here, all of the claims against FFFC are fatally deficient and must be dismissed.[1]

      **B.**     **Plaintiffs Fail To State Any Federal Discrimination Claim Against FFC**

Under the Supreme Court's ruling in *Twombly*, Plaintiffs fail to state claims for discrimination under either the Fair Housing Act ("FHA") (Count IV) or the Equal Credit Opportunity Act ("ECOA") (Count V). The Complaint contains only conclusory allegations of discrimination and is devoid of any factual basis to support those conclusions. Essentially, Plaintiffs claims under FHA and ECOA hinge on the lone fact that they are minorities whose loan included the payment of yield spread premiums from FFFC to Garfield. (Compl. ¶¶ 13–28.) Based on these facts, Plaintiffs allege the conclusion that FFFC violated the FHA and ECOA by "paying and receiving, respectively, higher yield premiums with respect to loans made to minority borrowers, which necessarily impacts the rates charged to such borrowers." (Comp. ¶¶ 54, 57.) This bare conclusory pleading is woefully insufficient.

---

[1] Count II of Plaintiffs' Complaint alleging Breach of Fiduciary Duty does not appear directed at FFFC as that count only references Garfield Mortgage Corp. and Denise Riley. Count III of Plaintiffs' Complaint alleging Common Law Fraud is only targeted at Garfield Mortgage Corp.

- 3 -

The FHA and ECOA claims fail to meet the general federal pleading requirements set forth in *Twombly*. For example, Plaintiffs do not allege how or why FFFC's payment of yield premiums *in this case* was racially motivated or how its payment of yield premiums had a disproportionate impact on all minorities. The mere fact that yield premiums were paid is not discriminatory, (s*ee Krzalic v. Am. Mortg. Corp.*, No. 01 C 9107, 2002 WL 924618, at *2 (N.D. Ill. May 3, 2002)), so absent additional factual allegations FFFC has no notice as to how it allegedly violated either the FHA or ECOA.

In an analogous case, the plaintiffs alleged that yield premiums disproportionally impacted minority borrows and that this result was known and intended by the defendants. *See Tribett v. BNC Mortgage, Inc.*, No. 07 C 2809, 2008 WL 162755, at *2 (N.D. Ill. Jan. 17, 2008). The plaintiffs further alleged that the defendants imposed higher yield premiums on loans made to minority borrowers and that the yield premiums were intended to discriminate or had the effect of discriminating against minorities. *Id*. The court dismissed the complaint, finding that the complaint stated "mainly vague and conclusory allegations that do not establish a plausible entitlement to relief under the FHA or the ECOA." *Tribett*, 2008 WL 162755, at *3; *see also Matthews v. Homecoming Fin. Network*, No. 03 C 3115, 2005 WL 2387688, at *5 (N.D. Ill. Sept 26, 2005) (ECOA claim requires more than recitation of statute).

In short, there is nothing in the Complaint that supports the bare allegation that Plaintiffs received discriminatory treatment because of their race. Accordingly, the ECOA and FHA claims should be dismissed.

      **C.**    **Plaintiffs' State Law Claims Under the Illinois Consumer Fraud Act and Conspiracy to Commit Fraud Against FFFC Are Fatally Defective**

Plaintiffs' state law claims for alleging a violation of the ICFA (Count I) and Conspiracy to Commit Fraud (Count VI) also must be dismissed for failure to state a claim. First, any relief under the ICFA is unavailable to Plaintiffs here since they elected to pursue a claim under the

ECOA. Second, the ICFA and Conspiracy to Commit Fraud claims must be dismissed for failure to meet the heightened FRCP 9(b) pleading requirements applicable to all claims of fraud.

First, Plaintiffs' ICFA claim must be dismissed because they have elected to pursue a remedy under the ECOA. Plaintiffs' statutory fraud claim is based on the very same allegedly discriminatory conduct that constitutes its ECOA claim. (Compl. ¶¶ 1-41, 55-57.) The ECOA, however, prohibits double recovery providing, *inter alia*, that "[w]here the same act or omission constitutes a violation of this subchapter and of applicable State law, a person aggrieved by such conduct may bring a legal action to recover money damages either under this subchapter or under such State law, **but not both**." 15 U.S.C. § 1691d(e) (emphasis added). *See Tribett v. BNC Mortgage, Inc.*, No. 07 C 2809, 2008 WL 162755, at *3 (N.D.Ill. Jan. 17, 2008) (dismissing ICFA claim where plaintiffs simultaneously pursued ECOA claim). Thus, the ICFA claim must be dismissed.

Second, both Plaintiffs' ICFA and Conspiracy to Commit Fraud claims fail to satisfy the heightened pleading requirement of FRCP9(b) and must be dismissed. Pursuant to FRCP 9(b), any circumstance constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b) (West 2008) (*construed in DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Specifically, FRCP 9(b) particularity requires Plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d at 627. Plaintiffs' Conspiracy to Commit Fraud claim is likewise subject to this heightened pleading requirement. *Roger Whitmore's Automotive Services, Inc. v. Lake County, Illinois*, No. 99-C-2504, 2002 WL 959587, at *10 (N.D. Ill. May 9, 2002) (stating that FRCP 9(b) applies to conspiracy to commit fraud). Moreover, where fraud is asserted against more than one entity, the FRCP 9(b) requirements must be met for each separate defendant. *Jepson v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994).

Plaintiffs' fraud claims against FFFC are not pleaded with requisite particularity and must be dismissed.  The ICFA claim is devoid of any allegation pertaining to the "who, what, when where, and how" as related to FFFC.  (Compl. ¶¶ 30-41.)  In fact, there is no allegation that FFFC had any contact or made any representation to Plaintiffs at all.  This failure alone is fatal. *See*, *e.g.*, *Jackson v. S. Holland Dodge, Inc.*, 755 N.E2d 462, 470 (Ill. 2001) (dismissing ICFA claim where defendant did not actively participate in the alleged fraud).  Instead, Plaintiffs' allegations of fraud are based solely upon the actions and alleged misrepresentations of Garfield's employees – who Plaintiffs admit acted as their own agents. (Compl. ¶¶ ___.) Similarly, the Conspiracy to Commit Fraud claim fails to allege with any particularity any facts relating to FFFC's alleged participation in a fraud.  (Compl. ¶¶ 58-63.)  Not only did Plaintiffs fail to plead any new, independent fraud (separate from the ICPA claim), they also failed to incorporate the ICFA claim into the Conspiracy to Commit Fraud count.  The result is that the Conspiracy to Commit Fraud claim contains no specific allegations that would underlie an action for fraud.  In addition, Plaintiffs pleaded no facts that would support the existence of or FFFC's participation in any conspiracy.  Since there is no allegation in either fraud claim that would place FFFC on notice as to the "who, what, when, where, and how," FFFC lacks notice of the claims against it and is rendered defenseless against these claims.  Thus, Plaintiffs failure to comply with the pleading requirements of FRCP 9(b) are fatal and Counts I and IV against FFFC must be dismissed.  *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (affirming dismissal of fraud claims for failure to satisfy FRCP 9(b) pleading requirements).

      **D.**      **Plaintiffs Fails to State A Claim Under the Credit Repair Organizations Act**

Plaintiffs have failed to allege any act by FFFC that would run afoul of the CROA.  The CROA prohibits persons from making false or misleading statements to a credit reporting agency or to a potential creditor.  15 U.S.C. § 1679 (b)(a)(1) and (b)(a)(2) (West 2008).  In addition, the

- 6 -

CROA prohibits any person from either making misleading statements concerning the services of a Credit Repair Organization (*id*. § (b)(a)(3)), or from participating in fraud related to the sale of credit repair services. *Id*. § (b)(a)(4). Last, the CROA prohibits credit repair organizations from receiving advanced payment for its credit repair services. *id*. § (b)(b).

Even a cursory review of the Complaint reveals that there is no simply no allegation anywhere that FFFC engaged in any of the activity described above. There is no allegation that FFFC made any false or misleading statements to any potential creditor or credit reporting agency. In fact, FFFC was the "end lender" in the transaction with Plaintiffs (Compl. ¶ 7), and was therefore not in any position to make statements to other potential lenders. In addition, there is no allegation that FFFC was a credit repair organization as defined by the CROA or that it made any misrepresentations concerning the services of a credit repair organization. Likewise, there is no allegation that Plaintiffs ever used any credit repair services, that FFFC participated in the sale of any credit repair services or that there was any fraud concerning credit repair services. Last, there has been no allegation that FFFC received any advance payments for credit repair services.

In fact, there can be no such allegations against FFFC for violation of the CROA because the CROA was not intended to apply to a lender who simply provided a mortgage based on an application submitted by a mortgage broker. This is evidenced by the Congressional findings and purpose of the CROA. Congress found that "consumers who have experienced credit problems may seek assistance from credit repair organizations which offer to improve the credit standing of such consumers." *See Plattner v. Edge Solutions, Inc.*, 422 F.Supp.2d 969, 973 (N.D. Ill. 2006) (citing 15 U.S.C. § 1679). Here, Plaintiffs were not seeking assistance to improve, and FFFC did not offer to improve, the credit standing of the Plaintiffs. Instead, Plaintiffs sought a mortgage and ultimately obtained one from FFFC. The "credit repair business

involves the marketing of credit repair services to consumers whose consumer reports contain adverse information that interferes with their ability to obtain credit." *Id*. (citing H.R. Rep. No. 103-486, at 57 (1994). Again, there are no allegations that FFFC marketed credit repair services to the Plaintiffs. Hence, the CROA claim must be dismissed because Plaintiffs have failed to allege that FFFC engaged in any of the prohibited acts and have done nothing to comply with *Twombly*. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1974 (stating that where a plaintiff "has not nudged [her] claims across the line from conceivable to plausible, [her] Complaint must be dismissed.").

## V.    Conclusion

WHEREFORE, for the foregoing reasons, FFFC moves this Honorable Court for an order dismissing all of Plaintiffs claims against it and dismissing it as a party to this action. In addition, FFFC prays for any other relief the Court deems appropriate.

Dated: September 5, 2008                    Respectfully submitted,

FIRST FRANKLIN FINANCIAL
CORPORATION

By:    /s/ Grant Y. Lee
         One of Its Attorneys

- 9 -

Gary S. Caplan (6198263)
Grant Y. Lee (6290026)
Reed Smith LLP
10 South Wacker Drive, #4000
Chicago, Illinois 60606
312-207-1000

CHILIB-2198383.2-KMCOBB

## CERTIFICATE OF SERVICE

   I, Grant Y. Lee, hereby certify that true and correct copies of **FIRST FRANKLIN FINANCIAL CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS** were served upon the parties listed below via the Court's CM/ECF system this 5th day of September, 2008.

| | |
|---|---|
| Carl B. Boyd | Jack Lydon, Esq. |
| Starks and Boyd | Gomberg, Sharfman, Gold and Ostler |
| 11528 S. Halsted | 208 South LaSalle Street, Suite 1200 |
| Chicago, Illinois  60628 | Chicago, Illinois  60604 |

                    /s/ Grant Y. Lee
                    Grant Y. Lee

CHILIB-2198383.2-KMCOBB9/5/08 10:57 AM